UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**RICHARD K. PERRELLI,**

    **Plaintiff,**

v.                                                       **Civil Action No.: 2:09-CV-46**
                                                                **JUDGE MAXWELL**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

**REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE RECOMMENDING THAT THE DISTRICT COURT GRANT, IN PART, AND DENY, IN PART, PLAINTIFF'S MOTION FOR ATTORNEY'S FEES [18]**

## I.     INTRODUCTION

On July 31, 2008, the Administrative Law Judge ("ALJ") denied Plaintiff's claim for disability. On April 8, 2009, Plaintiff filed a complaint in this court for review of the ALJ decision. On July 10, 2009, the Commissioner filed an answer to the complaint and the administrative transcript. On July 21, 2009, Plaintiff's counsel sent a letter to counsel for the Commissioner, providing reasons for a remand and stipulating to $750 in attorney's fees. Pl. Doc. 18 Ex. D. On July 30, 2009, Plaintiff's counsel submitted a second letter articulating additional reasons for remand. Pl. Doc. 18 Ex. D. On August 11, 2009, Plaintiff's counsel filed a 24 page motion for summary judgment [Doc. 15]. On August 17, 2009, the Commissioner filed a motion to remand in order for the ALJ to obtain a psychological evaluation and hear vocational expert testimony. On August 27, 2009, the District Judge granted the Commissioner's motion to remand. On September

10, 2009, Plaintiff filed a motion for attorney's fees [Doc. 18]. On October 20, 2009, the undersigned Magistrate Judge held a telephonic hearing. Timothy F. Cogan, Esquire, appeared for the Plaintiff and Patricia M. Smith, Esquire, appeared for the Commissioner. Following the telephonic hearing and review of the briefs filed by the parties, the undersigned Magistrate Judge now issues this Report and Recommendation to the District Judge.

## II. ANALYSIS FOR REPORT AND RECOMMENDATION

Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), requesting compensation for 39.4 hours at $173.28 per hour. Pl. Doc. 20 at 9.

> "[A] court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action."

28 U.S.C.A. § 2412(b). The Commissioner does not dispute that Plaintiff is a prevailing party. However, the Commissioner objects the number of hours Plaintiff requests for compensation, the hourly rate, and the request for costs. Comm'r Doc. 19 at 1-2.

First, the Commissioner contends that 39.4 hours is excessive and urges this Court to reduce the number of hours. Comm'r Doc. 19 at 1. Plaintiff concedes that 39.4 hours is at the upper end of the average number of hours expended on a social security disability case, but Plaintiff submits that it is still within the generally accepted parameter. Pl. Doc. 20 at 2.

> [I]n social security appellate litigation "compensated hours generally range from twenty to forty hours." *DiGennaro v. Bowen*, 666 F. Supp. 426, 433 (E.D. N.Y. 1987); *see also Hutchison v. Chater*, 1996 WL 699695 (D. Kan. 1996) (holding that the "typical EAJA fee application in social security cases claims between thirty and forty hours").

*Dixon v. Astrue*, 2008 WL 360989 (E.D. N.C. 2008). In a Sixth Circuit decision, the Court of Appeals held that the District Court needs to articulate reasons when excluding hours from a fee petition.

> [T]he district court must [not] blindly accept counsel's assertion that a certain number of hours were spent working on a particular case. "Hours may be cut for duplication, padding or frivolous claims." *Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624, 636 (6th Cir.1980). However, if the district court rejects counsel's tabulation, it must identify the hours rejected and specify with particularity the reasons for their rejection. To fulfill its obligations under 42 U.S.C. § 406(b)(1),[1] the district court must not only articulate findings of fact and conclusions of law regarding the inclusion of hours amounting to the fee awarded, but those regarding the exclusion of hours as well.

*Glass v. Secretary of Health and Human Services*, 822 F.2d 19 (6th Cir. 1987). This Court has reviewed the itemized bill submitted by Plaintiff's counsel, and the Court finds that the hours are in proper order and are not excessive. *See* Pl. Doc. 18 Ex. C (itemized bill). Therefore, the Court will award Plaintiff 39.4 hours of attorney's fees.

Second, the Commissioner contends that the hourly rate requested by the Plaintiff is excessive, and that the Court should compensate Plaintiff at the EAJA statutory rate of $125 per hour. Comm'r Doc. 19 at 1. Plaintiff requests the Court to award the Consumer Price Index ("CPI") hourly rate of $173.28 per hour. Pl. Doc. 20 at 6-7. *See* Comm'r. Doc. 19 at 3 (CPI calculation).

> [T]he amount of fees awarded ... shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. 28 U.S.C.A. § 2412(d)(2)(A)(ii).

---

[1] In this case, counsel is seeking attorney's fees under EAJA as opposed to 42 U.S.C. § 406. However, the same reasoning would apply to reviewing petitions under the EAJA.

*Hyatt v. Barnhart*, 315 F.3d 239 (4th Cir. 2002). This Court finds, in its discretion, that the statutory rate is appropriate in this case, and that there were insufficient factors to warrant awarding attorney's fees at the CPI rate. Therefore, the Court will award Plaintiff at the EAJA statutory rate of $125 per hour.

Finally, the Commissioner objects to the award of $154.19 in costs. Comm'r Doc. 19 at 5. Plaintiff responds that copies and postage were necessary to file the case and serve copies upon the Commissioner and the District Judge. Pl. Doc. 20 at 8. Since the EAJA statute allows for costs in litigation, in its discretion, the Court will award Plaintiff costs of $154.19.

### III.     RECOMMENDATION AND CONCLUSION

The undersigned Magistrate Judge hereby **RECOMMENDS** that the District Court **GRANT, IN PART, AND DENY, IN PART,** Plaintiff's motion for attorney's fees [**18**]. The undersigned Magistrate Judge hereby **RECOMMENDS** that the District Court **AWARD** Plaintiff 39.4 hours of attorney's fees at the EAJA statutory rate of $125 per hour and costs of $154.19 for a total of $5,079.19. The total award shall be paid to Plaintiff's counsel, in accordance with the assignment executed by Plaintiff. (Pl. Doc. 18 Ex. 9). The Court notes the Plaintiff's and the Commissioner's objections to the ruling.

Within ten (10) days of receipt of service of this Report and Recommendation, any counsel of record may file with the Clerk of the Court any written objections to this Recommendation. The party should clearly identify the portions of the Recommendation to which the party is filing an objection and the basis for such objection. The party shall also submit a copy of any objections to the District Judge. Failure to timely file objections to this Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon this Recommendation. 28

U.S.C. § 636(b)(1).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: 10/26/09**

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE